UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MATTHEW T. SHIVELY,  )
                     )
         Plaintiff,  )          Case No. 1:11-cv-635
                     )
v.                   )          Honorable Robert J. Jonker
                     )
COMMISSIONER OF      )
SOCIAL SECURITY,     )
                     )          **REPORT AND RECOMMENDATION**
         Defendant.  )
_____)

This is a social security action brought under 42 U.S.C. § 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for Supplemental Security Income (SSI) benefits. On January 27, 2004, plaintiff filed his application for benefits alleging a May 22, 2001 onset of disability.[1] (A.R. 552-54). Plaintiff later amended his claim to allege a January 7, 2004 onset of disability. (A.R. 118). Although plaintiff persists in making references to a claim for disability insurance benefits (DIB), he clearly abandoned it in the administrative process by amending his onset date to a time after expiration of his insured status. (Plf. Brief at 1). Plaintiff's disability insured status expired on March 31, 2003. He knowingly abandoned his claim for DIB benefits when he amended his claim to allege an onset of disability

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, February 2004 is plaintiff's earliest possible entitlement to SSI benefits.

after his date last disability insured. (A.R. 20, 644-45, 695). *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

Plaintiff's only remaining claim, for SSI benefits, was denied on initial review. On September 12, 2006, and April 26, 2007, he received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (A.R. 586-692). On June 6, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 36-43). On October 1, 2007, the Appeals Council remanded the matter to the ALJ. (A.R. 81-84). On May 29, 2008, he received a second hearing before an ALJ, at which he was again represented by counsel. (A.R. 692-775). On June 18, 2008, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 20-30). On April 27, 2011, the Appeals Council denied review (A.R. 6-9), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision denying his claims for SSI benefits. Plaintiff asks the court to overturn the Commissioner's decision on the following grounds:

1. The ALJ's decision did not consider an examining psychologist's opinion that plaintiff met a listed impairment;

2. The ALJ erred in discounting the only opinions from an examining physician;

3. The ALJ erred in failing to assess plaintiff's credibility as required under SSR 96-7p; and

4. The ALJ "failed to pose to [the] VE [the] correct hypothetical limitations stated by examining psychologist [James Lozer]."

(Statement of Errors, Plf. Brief at 4, 7, 9, 11, docket # 20). Plaintiff's arguments do not bear scrutiny. I recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the

district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

**Discussion**

The ALJ found that plaintiff had not engaged in substantial gainful activity on or after January 7, 2004. (A.R. 23). Plaintiff had the following severe impairments: bipolar disorder and attention deficit hyperactivity disorder (ADHD). (A.R. 23). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 23). The ALJ found that plaintiff retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels with the following nonexertional limitations: "the claimant is unable to maintain the attention and concentration necessary to perform detailed or complex tasks; is unable to maintain more than minimal interaction with co-workers, supervisor[s] or the public; and is unable to engage in work that requires production quotas." (A.R. 25). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible. (A.R. 25-29). Plaintiff was unable to perform his past relevant work. (A.R. 29). Plaintiff was 30-years-old as of his alleged onset of disability and 35-years-old as of the date of the ALJ's decision. Thus, at all times relevant to his claim for SSI benefits, plaintiff was classified as a younger individual. (A.R. 29). Plaintiff has at least a high-school education and is able to communicate in English. (A.R. 29). The ALJ found that the transferability of jobs skills was not material to a determination of disability.

(A.R. 29). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with his RFC, education, and work experience, the VE testified that there were approximately 36,000 jobs in the State of Michigan that the hypothetical person would be capable of performing. (A.R.760-62). The ALJ found that this constituted a significant number of jobs and found that plaintiff was not disabled.[2] (A.R. 29-30).

1.

Plaintiff relies on evidence (documents from Psychologist Robert Lamson (A.R. 563-78)) that was never presented to the ALJ before he issued his decision. (Plf. Brief at 6, 8, 9). This is patently improper. It is clearly established law within the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. This court must base its review of the ALJ's decision upon the administrative record presented to the ALJ. The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human*

---

[2]Since 1996, the Social Security Act, as amended, has precluded awards of SSI and DIB benefits based upon alcoholism and drug addiction. *See* 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935; *see also Bartley v. Barnhart*, 117 F. App'x 993, 998 (6th Cir. 2004); *Hopkins v. Commissioner*, 96 F. App'x 393, 395 (6th Cir. 2004). The claimant bears the burden of demonstrating that drug and alcohol addiction was not a factor contributing to his disability. *See Cage v. Commissioner*, 692 F.3d 118, 122-25 (2d Cir. 2012); *see also Zarlengo v. Barnhart*, 96 F. App'x 987, 989-90 (6th Cir. 2004). Because plaintiff was found not to be disabled, the ALJ was not required to decide the issue of whether substance abuse was material to a finding of disability. (A.R. 715-18, 730).

*Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Osburn v. Apfel*, No. 98-1784, 1999 WL 503528, at * 4 (6th Cir. July 9, 1999) ("Since we may only review the evidence that was available to the ALJ to determine whether substantial evidence supported [his] decision, we cannot consider evidence newly submitted on appeal after a hearing before the ALJ."). The court is not authorized to consider plaintiff's proposed additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline*, 96 F.3d at 148.

The only appropriate consideration of such evidence by the district court is in support of a remand under sentence six of 42 U.S.C. § 405(g). Plaintiff has not requested such a remand. Even if he had, he has failed to meet the statutory preconditions for such relief. Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence he now presents in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see Ferguson v. Commissioner*, 628 F.3d 269, 276 (6th Cir. 2010). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. Plaintiff has not addressed,[3] much less carried his burden. *See Ferguson*, 628 F.3d at 276; *Hollon*, 447 F.3d at 483-84.

The documents from Psychologist Robert Lamson are new because they were generated after the ALJ's decision. *See Ferguson*, 628 F.3d at 276. "Good cause" for failure to present such evidence to the ALJ is not established solely because the new evidence was not

---

[3]Plaintiff made a deliberate choice against making any attempt to satisfy his statutory burden. When defendant objected to plaintiff's improper attempt to rely on evidence that had never been presented to the ALJ (Def. Brief at 8, docket # 21), plaintiff did nothing. He did not file a reply brief.

generated until after the ALJ's decision. *Courter v. Commissioner*, 479 F. App'x 713, 725 (6th Cir. 2012). The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986). The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Ferguson*, 628 F.3d at 276; *Hollon*, 447 F.3d at 485. Plaintiff has not explained why this evidence was not obtained earlier and presented to the ALJ before he rendered his decision. Plaintiff has not carried his burden of demonstrating good cause.

In order to establish materiality, plaintiff must show that introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Ferguson*, 628 F.3d at 276. A month after the ALJ entered his decision, Psychologist Robert Lamson interviewed plaintiff and his parents. Lamson generated a report evaluating plaintiff's condition as of August 26, 2008. (A.R. 571). Lamson did not offer any opinion regarding plaintiff's condition during the only period at issue: January 7, 2004, through June 18, 2008. I find that the documents generated by Psychologist Lamson would not have reasonably persuaded the Commissioner to reach a different decision on the issue of whether plaintiff was disabled on or before June 18, 2008.

If plaintiff had made a request for a sentence six remand, it could not be granted on this record. Plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted. Plaintiff's arguments must be evaluated on the record presented to the ALJ.

**2.**

Plaintiff argues that the ALJ "did not consider" Psychologist Lamson's opinion that he met or equaled the requirements of a listed impairment. (Plf. Brief at 4-6). This is true, but it

is not a basis for disturbing the Commissioner's decision. Lamson's opinion did not exist on the date the ALJ entered his decision. The ALJ could not consider an opinion that did not exist. Further, even if plaintiff had obtained and presented Lamson's opinion in a timely fashion, it would not have been entitled to any weight. The issue of whether a claimant meets or equals the requirements of a listed impairment is reserved to the Commissioner. 20 C.F.R. §§ 416.927(d)(2), (3); *see Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009); *see also Courter v. Commissioner*, 479 F. App'x at 722.

The other evaluation mentioned by plaintiff is a consultative examination that Psychologist James Lozer conducted in 2005. (A.R. 392-401). Lozer did not offer any opinion that plaintiff met or equaled the requirements of a listed impairment. (*Id.*). His opinion that plaintiff "would not be able to engage in any full-time competitive employment" (A.R. 399) was entitled to no weight, because the issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. § 416.927(d)(1), (3); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Psychologist Lozer's opinion regarding plaintiff's RFC (A.R. 400-01) was entitled to no weight, because RFC is an administrative finding of fact reserved to the Commissioner. *See* 20 C.F.R. § 416.927(d)(2), (3). The ALJ carefully considered Lozer's opinions and found that they were entitled to little weight:

> On April 4. 2005, the claimant saw Dr. James Lozer, a psychologist, at the request of his attorney. The claimant stated that he was unable to work because he had difficulty following instructions and becoming easily frustrated and depressed. He stated that he also experienced fatigue that prevented him from completing an eight-hour workday. The claimant further stated that he never attended counseling on a regular basis because it did not help, did not receive any mental health therapy other than prescriptions from his primary care physician, became tired and drowsy after taking his medications (there is no evidence that the claimant complained of side effects of medication to his primary care physician), and abused drugs and alcohol in the past but stopped on his own and currently only drank three beers a

weekend. The claimant also stated that he experienced sleep disturbance every night and when under stress did not sleep at all. Testing revealed post high school level reading skills, high school level spelling skills, average verbal (101) and full scale (94) IQ scores, low average performance (85) IQ, borderline processing speed, and fourth grade level arithmetic skills. The Minnesota Multiphasic personality inventory (MMPI) revealed the claimant had significant emotional discomfort, felt overwhelmed and incapable of coping with life's demands, was depressed and pessimistic, had trouble making decision[s], suffered gastrointestinal symptoms (no evidence of this in the medical records), felt inferior to others, and felt he was not understood. Dr. Lozer listed the claimant's diagnosis as bipolar disorder, personality disorder and disorder of mathematics; and reported the claimant was not capable of engaging in full time competitive employment due to mental disorder and borderline processing speed. Dr. Lozer suggested that the claimant might try part-time night custodian work (Exhibit 15F).

* * *

Based on his one-time evaluation of the claimant, Dr. Lozer opined that the claimant had a poor ability to: use judgment, deal with work stress, maintain attention and concentration, behave in an emotionally stable manner, demonstrate reliability, and understand, remember and carry out complex or detailed tasks. Dr. Lozer further opined that the claimant had a fair ability to: function independently, deal with the public, relate to co-workers, follow work rules, interact with supervisors, relate predictably in social situations, maintain personal appearance, and understand, remember and carry out simple tasks (Exhibit 15F). The undersigned does not give great weight to the opinion of Dr. Lozer since it is based on a one-time evaluation, and is inconsistent with the fact that the claimant is capable of caring for his own needs, relating well to friends and family, maintaining personal appearance, and arriving at appointments on time.

(A.R. 26-27).

The ALJ is responsible for weighing medical opinions, not the court. *See Buxton*, 246 F.3d at 772-75; *see also Price v. Commissioner*, 342 F. App'x 172, 177-78 (6th Cir. 2009). The ALJ gave Dr. Lozer's opinion the weight it deserved, and his reasons for discounting the psychologist's unsupported restrictions on plaintiff's work activity are well supported.

**3.**

Plaintiff states that the ALJ "Erred in discounting the Only Opinions from an Examining Physician." (Plf. Brief at 7). There is no developed argument corresponding to this statement of error. Issues raised in a perfunctory manner are deemed waived. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012); *Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007).

Even assuming that plaintiff did not waive the issue, it is meritless. Psychiatrist Zia Kahn, M.D., was the only examining physician. (A.R. 519-21). Dr. Kahn conducted an examination on January 25, 2007. Plaintiff denied use of drugs and/or alcohol. (A.R. 520). Dr. Kahn described plaintiff's medical history as "unremarkable." (A.R. 520). Plaintiff's cognitive function was intact. There was no evidence of any thought disorder. Dr. Kahn gave a few suggestions for adjustments in plaintiff's prescriptions to his treating physician, Roger Holman, M.D.[4] Plaintiff stated that he "did not want services from Community Mental Health." (A.R. 521). Dr. Kahn's assessment did not support, but undermined, plaintiff's claim that he suffers from disabling mental impairments.

Plaintiff argues that it was improper for the ALJ to reject Psychologist Lozer's opinions "solely because the consultative examination was arranged by the claimant's representative." (Plf. Brief at 7). Psychologist Lozer met with plaintiff for a total of 90 minutes and summarized the purpose of his evaluation as follows:

> Matthew Shively was referred for a psychological evaluation by his attorney, Richard Tolle, who represents him in a claim for Social Security Disability benefits. The purpose of the

---

[4]Dr. Holman's records (A.R. 375-83, 423-32, 444-47) do not support plaintiff's claim for SSI benefits. They reveal that plaintiff's medications are "working quite well" and that he has few functional limitations. (A.R. 424, 428, 431, 444, 446-47).

> evaluation was to determine Matt's mental residual functional capacity to engage in full-time competitive employment.

(A.R. 392).

There is "nothing fundamentally wrong with a lawyer sending a client to a doctor." *Blankenship v. Bowen*, 874 F.2d 1116, 1122 n.8 (6th Cir. 1989) (*per curiam*). Courts have recognized that the results of a consultative examination should not be rejected "solely" because it was arranged and paid for by the plaintiff's attorney. *See Hinton v. Massanari*, 13 F. App'x 819, 824 (10th Cir. 2001) ("An ALJ may certainly question a doctor's credibility when the opinion, as here, was solicited by counsel. . . . The ALJ may not automatically reject the opinion for that reason alone, however."). Some courts have criticized ALJs for referring to opinions like Lozer's as "purchased opinions," but such statements do not provide a basis for overturning an ALJ's decision. *See, e.g.*, *Mason ex rel. Mason v. Astrue*, No. 10-621-M, 2011 WL 2670005, at * 6 (S.D. Ala. July 6, 2011); *Milan v. Commissioner*, No. 09-1065, 2010 WL 1372421, at * 10 n.3 (D.N.J. Mar. 31, 2010). Here, the ALJ did not reject Psychologist Lozer's opinions "solely" or even primarily on the basis that his one-time examination occurred on a referral from plaintiff's counsel. It was entirely appropriate for the ALJ to note that Lozer had examined plaintiff on a referral from plaintiff's attorney and that the purpose of the examination was to generate evidence in support of plaintiff's claim for SSI benefits. *See DeVoll v. Commissioner*, No. 99-1450, 2000 WL 529803, at * 1 (6th Cir. 2000); *Pentecost v. Secretary of Health & Human Servs.*, No. 89-5014, 1989 WL 96521, at * 1 (6th Cir. Aug. 22, 1989); *see also Gilmore v. Astrue*, No. 2:10-54, 2011 WL 2682990, at * 8 (M.D. Tenn. July 11, 2011). Psychologist Lozer saw plaintiff on one occasion, and plaintiff conceded that he did not provide Lozer with an accurate statement of his history of drug and alcohol abuse. (A.R. 612-13,

616-18, 715-16). The ALJ found that the extreme restrictions suggested by Psychologist Lozer were inconsistent with the record as a whole, particularly plaintiff's ability to perform independent activities of daily living. The ALJ's decision to give little weight to Psychologist Lozer's opinions is well-supported and entirely consistent with applicable law.

**4.**

Plaintiff argues that the ALJ erred in failing to assess claimant's credibility as required under SSR 96-7p. (Plf. Brief at 9-10). Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge [his] subjective complaints." *Buxton v. Halter*, 246

F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that Social Security Ruling 96–7p requires that the ALJ explain his credibility determination and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248. The ALJ's factual finding regarding plaintiff's credibility easily withstands scrutiny under these standards.

The ALJ's discussion of plaintiff's credibility began with the relevant regulations and social security rulings, including SSR 96-7p. (A.R. 25). The ALJ then provided a lengthy and detailed explanation why he found that plaintiff's testimony regarding the intensity, persistence, and limiting effects of his impairments was not fully credible:

> At the hearing in April of 2007 the claimant testified that the hearing was very important in order to get assistance to pay for his medications. He testified that he had not been candid with Dr. Lozer when he stated that he was compliant with medication when he was actually abusing Adderall and drinking at that time. The claimant testified that he abused street drugs in December 2006, and denied using marijuana at the time of his 2006 hospitalization (as previously indicated, hospitalization records indicate a positive urine screen). The claimant further testified that his current medications (Depakote, Lexapro, Zyprexa, Klonopin and Adderall) kept him stable. He also testified that he did not feel he required counseling despite having episodes of anxiety two or three times a week, and having auditory hallucinations throughout the day.
>
> At the hearing in May of 2008, the claimant testified that he drove and had a valid driver's license, cared for his own personal needs without assistance, and spent his time reading magazines and history books. He testified that he was doing better with concentration, and needed to find some kind of work or maybe go back to school. The claimant testified that

he did not do well under pressure, stress caused his depression or mania, was limited in his ability to function properly, and gave up alcohol and drugs completely with one minor use of marijuana in March of 2008. The claimant testified that he could monitor medications himself but his mother was a nurse and wanted to do it because she did not trust him. He testified that his parents paid for his medications because he did not have insurance or money so he felt no control in which medications he received/took such as his mother withholding Adderall because she disagreed with his taking it. The claimant agreed that he did well when he was taking his medications as prescribed, but had not thought about counseling. The claimant thought he could possibly work part-time but was not sure about working full time. He testified that he would like to get used to the job to help with stress. The claimant further testified that he still had episodes of feeling lost which were relieved with Ativan. He also testified that he did not follow up with treatment for his anxiety or hearing voices. The claimant testified that he felt he was doing better.

After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the residual functional capacity assessment for the reasons explained below.

The claimant does not have any physical limitations. He does not receive any mental health treatment on a consistent basis and is not always compliant with his prescribed medications.

None of the claimant's physicians have indicated that the claimant is incapable of working. Even Dr. Lozer who rated the claimant's ability to perform work-related activities as poor or fair indicated that the claimant could work as a part-time night custodian.

The undersigned concludes that the claimant is capable of performing simple, unskilled tasks with minimal interaction with co-workers, supervisor[s] or the public; and no production quotas.

(A.R. 28-29). It was appropriate for the ALJ to take plaintiff's daily activities into account in making his credibility determination. *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). Further, social security regulations make pellucid that the claimant bears the burden of demonstrating good reasons for his failure to follow prescribed treatment: "If you do not follow the prescribed treatment without good reason, we will not find you disabled." 20 C.F.R. § 416.930(b). The Sixth Circuit

recognizes that a claimant's failure to follow prescribed treatment is evidence supporting an ALJ's factual finding that the claimant's testimony was not fully credible. *See Sias v. Secretary of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988). The ALJ's observation that plaintiff was not always compliant with his medications was appropriate and well supported. Plaintiff's failure to follow prescribed treatment undercut the credibility of his testimony regarding his subjective functional limitations. *See Sias*, 861 F.2d at 480. I find that the ALJ correctly applied the law and that the ALJ's factual finding regarding plaintiff's credibility is supported by more than substantial evidence.

**5.**

Plaintiff argues that the ALJ "failed to pose to [the] VE [the] correct hypothetical limitations stated by examining psychologist [Lozer]." (Plf. Brief at 11). Psychologist Lozer's opinion regarding plaintiff's RFC was not entitled to any weight. RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. §§ 416.927(d)(2), (3). The ALJ found that plaintiff retained the RFC for a full range of work at all exertional levels with the following nonexertional limitations: "the claimant is unable to maintain the attention and concentration necessary to perform detailed or complex tasks; is unable to maintain more than minimal interaction with co-workers, supervisor[s] or the public; and is unable to engage in work that requires production quotas." (A.R. 25). The ALJ's factual finding regarding plaintiff's RFC is supported by more than substantial evidence. It was therefore appropriate for the ALJ to pose his own RFC determination to the VE, rather than that suggested by Lozer.

Plaintiff makes a related argument that the hypothetical question posed to the VE was deficient. Plaintiff's challenge to the adequacy of the hypothetical question is a mere reformulation of his unsuccessful challenge to the ALJ's RFC determination. The ALJ found that plaintiff's subjective complaints were not fully credible and that he retained the RFC to perform work at all exertional levels with the nonexertional limitations described above. It is well settled that a hypothetical question to a VE need not include unsubstantiated complaints. *See Carelli v. Commissioner*, 390 F. App'x 429, 438 (6th Cir. 2010); *Gant v. Commissioner*, 372 F. App'x 582, 585 (6th Cir. 2010) ("[I]n formulating a hypothetical question, an ALJ is only required to incorporate those limitations which he has deemed credible."); *see also Justice v. Commissioner*, No. 12-3150, 2013 WL 645957, at * 5-6 (6th Cir. Feb. 22, 2013). The ALJ's hypothetical properly included all limitations found to be credible, and therefore was not improper.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: February 27, 2013      /s/ Joseph G. Scoville
                              United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).